**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:55 pm, Sep 12, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Savannah Division

| | |
|---|---|
| IN RE: ) <br> ) <br> DOMINIC NICHOLAS APPLEGATE ) <br> ) <br> ) <br> Debtor ) <br> ) | Chapter 7 Case <br> Number <u>11-40073</u> |
| DONALD F. WALTON, U.S. TRUSTEE, ) <br> ) <br> JAMES W. SOLEO, ) <br> ) <br> CORNERSTONE INVESTMENTS, LLC, ) <br> ) <br> FUDD DT INVESTMENT GROUP, LLC, ) <br> ) <br> CORNERSTONE PROPERTIES ) <br> INVESTMENT, LLC, ) <br> ) <br> SAVANNAH CAPITAL, LLC, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> DOMINIC NICHOLAS APPLEGATE, ) <br> ) <br> Defendant. ) | ADVERSARY PROCEEDING <br> Number <u>11-04033</u> |

## OPINION AND ORDER

Before the Court is a Joint Motion to Approve the Settlement of Certain Claims filed by Dominic Nicholas Applegate ("Debtor"), Savannah Capital, LLC, Cornerstone Investments, LLC, Corner Stone Properties Investment, LCC ("Settling Creditors") and

Donald F. Walton ("U.S. Trustee"). James W. Soleo and FUDD DT Investment Group, LLC ("Non-Settling Creditors")[1] object to this motion. This is a core matter pursuant to 28 U.S.C. §157(b)(2) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, the Joint Motion to Approve the Settlement of Certain Claims is denied.

## FINDINGS OF FACT

On January 12, 2011, Debtor filed a voluntary chapter 7 bankruptcy petition. Dckt. No. 1, Chap. 7 Case No. 11-40073. The Non-Settling Creditors and the Settling Creditors both raised separate objections to the dischargeability of certain debts pursuant to 11 U.S.C. §523 and objections to discharge under 11 U.S.C. §727. Adv. Proceeding Nos. 11-04026; 11-04023; 11-04025; 11-04018, and 11-04024. In particular, the Settling Creditors assert §727(a)(3) claims and the Court has previously held that the Non-Settling Creditors assert §727(a)(3) and (a)(5) claims. Dckt. No. 97. On June 6, 2011, the U.S. Trustee also filed an adversary complaint against the Debtor objecting to the Debtor's discharge pursuant to 11 U.S.C. §727(a)(2)(A)-(B), §727(a)(3) and §727(a)(4). Dckt. No. 1. On February 2, 2012, the Court bifurcated all the 11

---

[1] FUDD DT Investment Group, LLC is a limited liability company in which Mr. Soleo is a member.

2

U.S.C. §727 claims from the 11 U.S.C. §523 claims, and consolidated all the 11 U.S.C. §727 claims into one adversary. Dckt. No. 26. On February 19, 2013, all of the parties engaged in mediation efforts which resulted in a proposed settlement between Debtor and the Settling Creditors ("Settlement Agreement"), but not James W. Soleo and FUDD DT Investment Group, LLC, the Non-Settling Creditors. Dckt. No. 125, Joint Motion to Approve Settlement of Certain Claims, Ex. A. The Settlement Agreement was noticed to all parties in interest for objections and the Non-Settling Creditors timely objected. Dckt. Nos. 129 and 130. No other objections to the Settlement Agreement were filed.

At the hearing to consider the Settlement Agreement, the U.S. Trustee stated that in an effort to settle the matters, he offered to dismiss his §727 complaint with prejudice, if the Debtor agreed to dismissal with prejudice of the underlying bankruptcy case. He further stated that he takes no position on the legal issue of whether the U.S. Trustee, Debtor and the Settling Creditors may enter into the Settlement Agreement over objections of another party plaintiff. Nor did the U.S. Trustee take a position as to whether the Settlement Agreement is fair and equitable to all parties. He advised he agreed to enter the Settlement Agreement as to his causes of action after weighing the litigation costs and the

3

uncertainty of the outcome of the litigation.

The Settlement Agreement provides for the Debtor to: file a motion to voluntarily dismiss his bankruptcy petition, thereby waiving the Bankruptcy Code's protections from collection activities by his creditors; and agree to not re-file a bankruptcy petition in any jurisdiction for a period of eighteen (18) months following the entry of an order granting the Debtor's motion to dismiss. In return, this settlement would constitute the full settlement of the 11 U.S.C. §727 claims raised by the U.S. Trustee and the Settling Creditors. Dckt. No. 125, Joint Motion to Approve Settlement of Certain Claims, Ex. A. The Settlement Agreement also provides for a separate settlement of the 11 U.S.C. §523 claims raised by the Settling Creditors in the form of Judgments of Non-Dischargeability in compromised amounts. Id. The Settlement Agreement also dismisses the Non-Settling Creditors' claims without prejudice, preserving the Non-Settling Creditors' right to raise their §727 and §523 claims in a subsequent bankruptcy case if one should be filed, but the parties acknowledged at the hearing the §727 allegations raised by the U.S. Trustee as to Debtor's purported fraudulent schedules would be barred in any subsequent bankruptcy case as to all parties.

## CONCLUSIONS OF LAW

The authority for dismissing an 11 U.S.C. §727 action lies

4

within Federal Rule of Bankruptcy Procedure 7041, which provides in part:

> [A] complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Fed. R. Bankr. P. 7041. The issue is whether it is appropriate to approve a Settlement Agreement with some of the plaintiffs over the objection of two non-settling plaintiffs. In this case, for the reasons discussed below, I find it is not appropriate.

A bankruptcy court has considerable discretion when determining whether a §727 complaint should be dismissed, and if so under what terms and conditions. In re Kallstrom, 298 B.R. 753 (B.A.P. 10th Cir. 2005). Most courts permit the dismissal of a creditor's objection to discharge in connection with settlement of the dischargeability of the creditor's debt if three requirements are met:

> 1) there has been adequate disclosure to creditors, the United States trustee, and the case trustee;
>
> 2) other creditors have had the opportunity to substitute themselves as the objecting plaintiff and continue the litigation; and
>
> 3) the objection to discharge is dismissed prior to the approval of the proposed

5

dischargeability settlement.

In re Parker, 2003 WL 21703528, *2 (Bankr. N.D. Ga. July 18, 2003).

As to the first factor, there is no allegation that there has been insufficient disclosure. All parties in interest were served and the Settlement Agreement clearly sets forth that objections to discharge will be dismissed. Therefore, I find the first requirement is met.

As to the second requirement, the Non-Settling Creditors have objected to the Settlement Agreement and seek to substitute themselves for the U.S. Trustee and the Settling Creditors in order to pursue the §727 claims. The Non-Settling Creditors have the right to substitute themselves for those parties, including a trustee who no longer are pursuing their §727 claims. See In re Parker, 2003 WL 21703528 at *2; In re Bilzerian, 164 B.R. 688, 691 (Bankr. M.D. Fla. 1994)(holding that "it is self evident that other parties in interest should be given an opportunity to prosecute a complaint objecting to debtor's discharge initially filed by another creditor if the original plaintiff elected, for reasons of its own. . . not to pursue prosecution") reversed on other grounds, 1995 WL 934184 (M.D. Fla. 1995); Russo v. Nicolosi, 86 B.R. 882 (Bankr. W.D. La. 1988)(holding that a creditor who is not originally a party objecting to the debtor's discharge may elect to continue prosecution of that

6

proceeding if the original creditor seeks its abandonment); In re Perez, 411 B.R. 386 402 (D. Colo. 2009)(requiring notice on all creditors of the United State Trustee's stipulation of dismissal of his §727 complaint to give creditors an opportunity to object or undertake prosecution of the claims); see also, In re Vickers, 176 B.R. 287, 290 (Bankr. N.D. Ga. 1994)(allowing the trustee to renew his motion to dismiss his §727 complaint and if after notice and hearing the creditors refused to take up the case on behalf of the estate, the court may grant the motion if meritorious); In re Short, 60 B.R. 951, 953 (Bankr. M.D. La. 1986)(requiring notice on all creditors and holding that creditors objecting to dismissal would have a right to continue prosecution of the complaint to deny the debtor's discharge where trustee sought to dismiss §727 claims).

Approval of the Settlement Agreement as proposed prevents the Non-Settling Creditors from substituting themselves for the U.S. Trustee. The stipulations of the Settlement Agreement deny the Non-Settling Creditors an opportunity to prosecute the U.S. Trustee's §727 objections to the Debtor's discharge in this current case, and the U.S. Trustee's claims would be dismissed with prejudice. Furthermore, and importantly, the Non-Settling Creditors have not agreed to dismissal of their own §727 or §523 claims.

Debtor argues the Non-Settling Creditors are not

7

prejudiced because when the underlying case is dismissed, they may pursue the Debtor in state court to final judgment and collection without having to return to the bankruptcy court and their §727 claims are preserved should Debtor file a subsequent bankruptcy after the expiration of the 18 month period.[2] However, there is prejudice to the Non-Settling Creditors because they are forever denied the opportunity to pursue the U.S. Trustee's §727 cause of action and are prevented from pursuing their own pending §727 claims, which have been pending since March 30, 2011, until when and if Debtor refiles a bankruptcy case. See The Cadle Co. v. Reed, 392 B.R. 675 (N.D. Tex. 2008)(denying a trustee's motion to approve settlement of a §727(d) claim over the objection of the trustee's co-plaintiff). Furthermore, the Non-Settling Creditors are prejudiced because they are denied an opportunity of an orderly distribution by a chapter 7 trustee. See In re Stephenson, 262 B.R. 871, 874 (Bankr. W.D. Okla. 2001)(denying dismissal of chapter 7 case where creditor would suffer legal harm); In re Fultz, 2004 WL 451258 *2 (Bankr. N.D. Fla. Feb.

---

[2] One of the Non-Settling Creditors, Mr. Soleo has a case pending in state court. An order abstaining from hearing any state law issues as to liability on the debt raised in Mr. Soleo's §523 adversary proceeding was previously entered by the bankruptcy court. Adv. Proc. No. 11-04018, Dckt. No. 23. The bankruptcy court also abstained in FUDD DT Investment Group, LLC's §523 adversary due to the interwoven nature of the two adversary proceedings. Adv. Proc. No. 11-04024, Dckt. No. 21.

AO 72A (Rev. 8/82)

13, 2004)(rejecting argument that creditors not prejudiced by dismissal because they can sue in state court and denying chapter 7 debtor's motion to dismiss).

As for the settlement of the U.S. Trustee's §727 action, it is true that this settlement is unique in that dismissal of the §727 adversary proceedings will not result in Debtor receiving a discharge; however, no party may pursue the §727 claims asserted by the U.S. Trustee pertaining to the adequacy of Debtor's disclosures in the current bankruptcy petition and schedules. If the U.S. Trustee's contentions are correct, this settlement is a significant advantage for the Debtor as the cause of action is lost forever. The Non-Settling Creditors contend the dismissal with these terms is an affront to the integrity of the bankruptcy system. "Objections to discharge pursuant to Code §727(a) are 'directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than fraud on, or injury to, a single creditor.'" In re Joseph, 121 B.R. 679, 682 (Bankr. N.D.N.Y. 1990)(quoting In re Harrison, 71 B.R. 457, 459 (Bankr. D. Minn. 1987); see also In re Parker 2003 WL 21703528 at *2 (requiring that any objecting creditors be allowed the opportunity to substitute for those plaintiffs planning to abandon their §727 claims). The

Non-Settling Creditors who are party plaintiffs should be allowed to pursue this §727 adversary.

The third requirement for approval set forth in Parker, requires that the objection to discharge be dismissed prior to the approval of the proposed dischargeability settlement. In re Parker, 2003 WL 21703528 at *2. "Courts have been particularly concerned when the dismissal of an objection to discharge is connected with settlement of some other matter." In re Parker, 2003 WL 21703528 at *1 (Bankr. N.D. Ga. 2003). This concern is born out of the idea that a "plaintiff may have been induced to dismiss by an advantage given or promised by the debtor." Id. at *1. This exchange is commonly referred to as "buying a discharge", which is grounds for denying a settlement. "Discharges are not property of the estate and are not for sale. It is against public policy to sell discharges. . . . Selling discharges would be a disease that would attack the heart of the bankruptcy process, its integrity." In re Vickers, 176 B.R. 287, 290 (Bankr. N.D. Ga. 1994);³ In re Delco, 327 B.R. 491, 492 (Bankr.

---

³ The court in Vickers also stated that "the rule may well be different if a creditor seeks to dismiss a discharge count in exchange for the settlement of a viable dischargeability count, where the trustee and other creditors are notified and given the opportunity to take up the discharge action but fail to do so." In re Vickers, 176 B.R. at 290 (citing Russo v. Nicolosi, 86 B.R. 882 (Bankr. W.D. La. 1988); In re Margolin, 135 B.R. 671 (Bankr. D. Colo. 1992). In the case sub judice, other plaintiffs have objected and indicated an intent to take up the U.S. Trustee's discharge

10

N.D. Ga. 2005)(holding that public policy requires that any attempt to compromise a proceeding to deny Debtor's discharge based upon the payment of money must be disallowed); In re Hassan, 2005 WL 6486375 *2 (Bankr. N.D. Ga. Sept. 6, 2005)(holding that a discharge is not a commodity subject to negotiation). At the hearing, the Settling Creditors agreed to dismissal of the §727 claims prior to approval of the dischargeability settlement. Thus, this requirement is satisfied. Nevertheless, because the second requirement has not been met, the Settlement Agreement in its current form cannot be approved. The Non-Settling Creditors have not agreed to dismissal of their own §727 claims and have announced a desire if necessary, to substitute themselves as plaintiffs in the U.S. Trustee's and the Settling Creditors' complaints.

In addition, evaluating whether the Non-Settling Creditor should be allowed to substitute and continue this consolidated adversary or whether the Settlement Agreement should be approved requires the Court to determine whether the settlement would be fair and equitable and in the best interest of the estate. See In re Vazquez, 325 B.R. 30, 35-36 (Bankr. S.D. Fla. 2005)("[A] bankruptcy court should only approve a settlement when it is fair and equitable and in the best interests of the estate."); In re Maynard, 269 B.R.

---

action.

535, 542 (D. Vt. 2001)("[T]he Bankruptcy Court should not categorically disapprove settlement of a complaint objecting to discharge, but should use its judgment to approve a settlement only if it is fair and equitable and in the best interests of the estate."). The relevant factors are:

> (a) The probability of success in the litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises

In re Almenqual, 301 B.R. 902, 907 (Bankr. M.D. Fla. 2003) citing Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544, 1549 (11th Cir. 1990). The proponent of the settlement bears the burden of proof that the settlement is fair and equitable and in the best interest of the estate. In re Vazquez, 325 B.R. at 35. In the case sub judice, the United States Trustee took no position on whether the settlement is fair and equitable for all parties. There was no evidence put forth as to the cost, duration, probability of success or the complexity of the litigation. The Non-Settling Creditors counsel stated they are willing to proceed pro bono to protect the integrity of the bankruptcy system. Based on the lack of evidence as to whether the settlement is fair and equitable

12

and in the best interest of the estate, I find the Settlement Agreement cannot be approved. Furthermore, as previously discussed the Non-Settling Creditors have the right to continue to pursue their own §727 cause of action as well as substitute themselves as the plaintiffs in the U.S. Trustee's and Settling Creditors' §727 complaints.[4]

It is therefore ORDERED that the Joint Motion to Approve the Settlement of Certain Claims is DENIED. It is further ORDERED that the request to file a motion for summary judgment is DENIED as moot. The Clerk is directed to set a hearing on the Motion to Withdraw as Counsel filed by James L. Drake, Shawna Y. Staton, and the law firm of James L. Drake, Jr., PC and the Motion to Withdraw as Counsel filed by Drew C. Timmons and the law firm of Swift Currie McGhee & Heirs. The Clerk is further directed to set this matter for a continued pre-trial conference with counsel and clients directed to attend.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 12th day of September 2013.

---

[4] These findings moot the Non-Settling Creditors' request to be allowed to file a Motion for Summary Judgment in order to "assist the Court in determining whether the proposed settlement of the §727 claims should or should not be approved." Dckt. No. 129, p. 9.